Kevin P. Roddy, CA State Bar No. 128283
kroddy@wilentz.com
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
Tel: (732) 855-6402

Shehnaz M. Bhujwala, CA State Bar No. 223484
bhujwala@boucher.la
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel: (818) 340-5400
Fax: (818) 340-5401

*Attorneys for Plaintiffs Bueno and Parker*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPENCER BUENO, an individual, and RICHARD PARKER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:22-cv-00522-L-JLB<br><br>**NOTICE OF RELATED CIVIL CASES**<br><br>Hon. M. James Lorenz<br><br>Action Filed: March 3, 2022<br>Action Removed: April 15, 2022 |
| This document also relates to:<br><br>ANDREW WHALEY and MAGDALENA WHALEY,<br>Plaintiffs.<br>v.<br>MERCK & CO., INC., MERCK SHARP & DOHME CORP., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:21-cv-01985-H-BLM<br><br>Hon. Marilyn L. Huff |

**TO THE CLERK OF THIS COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that, pursuant to Southern District of California Local Rule 40.1(f) and (g), the above-captioned case ("*Bueno*") is related to the following action that is pending in this District:

1. *Whaley et al, v. Merck & Co., Inc., et al.*, S.D. Cal. Case No. 3:21-cv-01985-H-BLM (filed Nov. 8, 2021) ("*Whaley*").

Additionally, the *Bueno* action is related to the following actions pending in California state courts or in federal district courts in California following removal by Defendants:

<u>United States District Court for the Central District of California</u>

1. *Haddad, et al. v. Merck & Co., Inc., et al.*, C.D. Cal Case No. 2:22-cv-02151-DMG (MAAx) (filed March 3, 2022);

2. *Srour v. Merck & Co., Inc., et al.*, C.D. Cal. Case No. 5:22-cv-00599-DMG (MAAx) (filed March 11, 2022);

3. *Cruz v. Merck & Co., Inc., et al.*, C.D. Cal. Case No. 2:22-cv-02348-DMG (MAAx) (filed March 3, 2022);

4. *Brendaz Ta, et al. v. Merck and Co., Inc. et al.*, C.D. Cal. Case No. 8:22-cv-00825-DMG (MAAx) (filed March 3, 2022);

5. *O'Brien v. Merck and Co., Inc. et al.*, C.D. Cal. Case No. 2:22-cv-02559-DMG (MAAx) (filed March 4, 2022).

<u>United States District Court for the Northern District of California</u>

1. *Rosewolf, et. al., v. Merck & Co., Inc., et al.*, N.D. Cal. Case No. 22-cv-02072-JSW (filed March 4, 2022);

2. *Starr v. Merck & Co., Inc., et al.*, N.D. Cal. Case No. 4:22-cv-02138-HSG (filed March 4, 2022);

3. *Gibson, et. al., v. Merck & Co., Inc., et al.*, N.D. Cal. Case No. 3:22-cv-02263-LB (filed March 3, 2022);

4. *Skinner v. Merck & Co., Inc*., *et al.*, N.D. Cal. Case No. 3:22-cv-02260-DMR (filed March 4, 2022).

United States District Court for the Eastern District of California

1. *Hobbs v. Merck & Co., Inc*., *et al*., E.D. Cal. Case No. 2:22-cv-00662-JAM-DMC (filed March 3, 2022);

2. *Ramos v. Merck & Co., Inc*., *et al*., E.D. Cal. Case No. 1:22-cv-00430-DAD-EPG (filed March 4, 2022);

3. *Wylie v. Merck & Co*., *Inc*., *et al*., E.D. Cal. Case No. 2:22-cv-00604-WBS-DB (filed March 4, 2022);

4. *Edwards, et al. v. Merck & Co., Inc*., *et al*., E.D. Cal. Case No. 1:22-cv-00433-JLT-SKO (filed March 7, 2022).

California State Courts

1. *Blunt v. Merck & Co., Inc*., *et al*., San Bernardino County Sup. Ct. Case No. CIV SB 2204634 (filed March 4, 2022);

2. *Wallace v. Merck & Co., Inc*., *et al.*, Merced County Sup. Ct. Case No. 22CV-00737 (filed March 4, 2022);

3. *Christensen v. Merck & Co., Inc*., *et al.*, Plumas County Sup. Ct. Case No. CV22-00035 (filed March 4, 2022); and

4. *Anderson et al. v. Merck & Co*., *Inc*., *et al.*, Contra Costa County Sup. Ct. Case No. C22-00717 (filed March 4, 2022).

## I. THE CASES ARE RELATED WITHIN THE MEANING OF LOCAL RULE 40.1.

Local Rule 40.1(g) defines related action as pending actions or proceedings "on file in this or any other federal or state court" which:

(1) Involve some of the same parties and are based on the same or similar claims, or

(2) Involve the same property, transaction, patent, trademark, or event, or

(3) Involve substantially the same facts and the same questions of law.

The *Bueno* case is related to the low-numbered *Whaley* case, as well as the above listed actions for each of these reasons.

First, these actions all involve "some of the same parties" (named defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp.) and "are based on the same or similar claims." Specifically, all of these actions allege failure to warn and negligent misrepresentation claims by individual plaintiffs, arising from Plaintiffs' use of Defendants' prescription pharmaceutical medication, Singulair. The *Bueno* action and all of the cases identified above that are pending in the Northern District of California, Eastern District of California, Central District of California, and California state courts, share even more common characteristics, as they all name the same four defendants and allege additional substantially similar or same claims.

Second, the cases involve common transactions and/or events including alleged adverse neuropsychiatric events and the FDA's issuance of a requirement, on March 4, 2020 to provide a "blackbox" warning on the drug label regarding neuropsychiatric events, and a new medication guide. For the same reason, these cases "involve substantially the same facts and the same questions of law."

## II. THE TWO SOUTHERN DISTRICT OF CALIFORNIA CASES SHOULD BE ORDERED RELATED AND PROCEED BEFORE ONE DISTRICT COURT JUDGE.

To Plaintiffs' knowledge, there are presently only two cases pending in the Southern District of California. Given that the low-numbered *Whaley* case and the *Bueno* case pending in this district involve some of the same Defendants, challenge the same or similar activities, rely on the same or similar evidence, and require analysis under the same questions of law, they should be ordered related and the *Bueno* case reassigned to Judge Huff, the Senior District Judge presiding over the *Whaley* action. Doing so would avoid "substantial duplication of labor" and conserve limited judicial resources. Additionally, relating the two cases and having them before the same judicial officer may avoid disparate rulings and results in the two cases.

DATED: April 20, 2022

BOUCHER LLP

By: /s/ Shehnaz M. Bhujwala
SHEHNAZ M. BHUJWALA
*Attorneys for Plaintiffs*