1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  SPENCER BUENO; and RICHARD PARKER, | Case No.:   22cv522-H(BLM) |
| 12                                    Plaintiffs, | **ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER** |
| 13  v. | |
| 14  MERCK & CO, INC.; MERCK SHARP & DOHME CORP.; ORGANON & CO.; ORAGNON LLC; and DOES 1-10, inclusive, | **[ECF No. 31]** |
| 16                                   Defendants. | |

17

18       On January 6, 2023, the parties filed a Joint Motion for Determination of Dispute

19  Regarding Proposed Stipulated Protective Order ("Motion").  ECF No. 31.  The parties agree on

20  all the terms of the Protective Order with the exception of the underlined language below:

21       7.1 <u>Basic Principles</u>.  Received Party may use Protected Material that is disclosed
      or produced by another Party or by a Non-Party in connection with this Action only
22      for prosecuting, defending, or attempting to settle the Action <u>or another action</u>
      <u>involving substantially similar claims, against the same defendants (or some of the</u>
23      <u>same defendants), on behalf of a plaintiff (or plaintiffs) represented by one or</u>
      <u>more of the same attorneys who represent any plaintiff in the Action</u>.  Such
24      Protected Material may be disclosed only to the categories of persons and under
      the conditions described in this Order.  When the Action has been terminated, a
25      Receiving Party must comply with the provisions of Section 16 below.

27  Motion at 2.

28       Plaintiffs seek entry of the Protective Order with the disputed language, which they refer

1

to as a "cross-use provision." Id. at 3.  Plaintiffs argue that the language should be included in the protective order because it "furthers the interests of efficiency and judicial economy and reduces cost." Id. at 4.  Plaintiffs state that without such language there would be repeated requests for the same documents, different judges ruling on the same discovery dispute,[1] and a need to seek multiple amendments to the Protective Order.  Id. at 4-6.  Plaintiffs further indicate that their requested provision is not an effort to circumvent the Ninth Circuit's holding in Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003); instead, Plaintiffs argue that Foltz does not apply.  Motion at 6.  To support their position, Plaintiffs point to factual differences between the above-titled case and Foltz, and they claim courts across the country favor cross-use provisions in complex litigation.  Id. at 6-8.

Defendants argue that Foltz is applicable here and Plaintiffs' requested language "impermissibly contravenes settled California procedure concerning disclosure of confidential material in a 'collateral matter.'" Motion at 9. Defendants further indicate that many of the cases that Plaintiffs rely on pre-date Foltz or follow California procedure, which is inapplicable here. Motion at 13-15.  Defendants also argue that following Foltz's principles is especially appropriate here where there are "material differences seen throughout the Singulair cases[,]" as the various Plaintiffs "arrived at the medicine with their own unique medical history; was prescribed the medicine based on their own preexisting conditions . . . ; and allegedly experienced diverse effect and varied injuries at different periods during their course of usage."  Id. at 15.  Defendants indicate that despite calling it a "cross-use provision," Plaintiffs seek to share information with collateral litigants, making Foltz further applicable.  Id. at 9.  Defendants represent that a protective order without Plaintiffs' requested language will not prevent the sharing of discovery.  Id. at 17.

---

[1] There are currently 357 cases, involving 363 plaintiffs, that "involve[] claims that branded or generic Singulair caused neuropsychiatric injuries in plaintiffs."  Motion at 4.  These pending cases are being overseen by thirteen different judges and involve the same defendants.  Id.  Of the 357 cases, 356 "are led by the same attorneys representing Plaintiffs here, Kimberly Beck and Lynne Kizis."  Id.

1    While the Ninth Circuit "strongly favors access to discovery materials to meet the needs
2    of parties engaged in collateral litigation[,]" courts should not automatically approve a request
3    to share discovery.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003)
4    (citing Beckman Indus. Inc. v. Int'l Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992)).  Instead, under
5    Foltz, the Ninth Circuit requires that a collateral litigant "demonstrate the relevance of the
6    protected discovery materials to the collateral proceedings and its general discoverability
7    therein."  Id.  This requirement aims to "prevent[] collateral litigants from gaining access to
8    discovery materials merely to subvert limitations on discovery in another proceeding."  Id.  The
9    Ninth Circuit explains:

> Allowing the parties to the collateral litigation to raise specific relevance and
> privilege objections to the production of any otherwise properly protected
> materials in the collateral courts further serves to prevent the subversion of
> limitations on discovery in the collateral proceedings. These procedures also
> preserve the proper role for each of the courts involved: the court responsible for
> the original protective order decides whether modifying the order will eliminate the
> potential for duplicative discovery. If the protective order is modified, the collateral
> courts may freely control the discovery processes in the controversies before them
> without running up against the protective order of another court.

Id.

The Court finds that Foltz governs here. Despite Plaintiffs referring to the disputed
language as a "cross-use provision," the results remain the same—sharing information with
collateral litigants in collateral matters.  Accordingly, the reasoning and holding in Foltz dictate
the exclusion of Plaintiffs' language.  The Court agrees with Defendants and finds that Plaintiffs
have failed to establish a legal or factual basis to permit the requested cross-use provision in
the Protective Order. First, most of the cases Plaintiffs rely on to support their argument that
cross-use provisions are favored across the country pre-date Foltz.[2]   Second, as noted by

---

[2] The exceptions are Twilio, Inc. v. Telesign Corp., 2017 U.S. Dist. LEXIS 52532 (N.D. Cal. Apr.
5, 2017) and Apple, Inc. v. Samsungs Elecs. Co., Ltd, 2012 U.S. Dist. LEXIS 51884 (N.D. Cal.
Apr. 12, 2012). Twilio and Apple are distinguishable here because in both cases the parties
had agreed that "cross-use" language should be incorporated in the protective orders.  Twilio,
Inc., 2017 U.S. Dist. LEXIS 52532, at *2; Apple, Inc., 2012 U.S. Dist. LEXIS 51884, at *27.

Defendants, courts in the Ninth Circuit repeatedly have applied <u>Foltz</u> in similar situations, and have determined that a cross-use, or sharing, provision violates <u>Foltz</u> because it allows collateral litigants to circumvent <u>Foltz</u>'s relevancy principles and procedures.  <u>See</u> Motion at 12-13; <u>see also</u> <u>Kelly v. Provident Life & Accident Ins., Co.</u>, 2008 WL 5132851, at *3 (S.D. Cal. Dec 5, 2008) (determining such language "interferences with the requirement in <u>Foltz</u> that the *collateral litigant* demonstrate to the Court the relevance of the protected discovery to the collateral proceedings.") (citation omitted); <u>see also</u> <u>Nuvasive, Inc. v. Alphatec Holdings, Inc.</u>, 2019 WL 201440, at *2 (S.D. Cal. Jan. 15, 2019) ("The Court will not permit collateral litigants to gain automatic access to Defendants' confidential materials without providing some procedural safeguards regarding the dissemination of those materials, and without following proper procedure[,]" as outlined in <u>Foltz</u>).

Plaintiffs make efforts to distinguish <u>Foltz</u> from the facts here[3], but the Court is unpersuaded.  In <u>Siefe v. Unum Group</u>, 2018 WL 6340751 (C.D. Cal. June 11, 2008), plaintiff sought the entry of similar "cross-use" language: "[P]laintiff requests a provision . . . permitting him to use 'Protected Material produced by Defendants in any pending or subsequent action filed by Plaintiff's counsel against [Defendant] and/or its subsidiary and related insurance companies."  <u>Siefe</u>, 2018 WL 6340751 at *3.  The court entered a "non-sharing" protective order, finding that incorporating a sharing provision would "interfere with [the court's] duty to undertake the relevance inquiry dictated by <u>Foltz</u>."  <u>Id.</u> at 4.  Including Plaintiffs' requested language here would have the same effect—allow collateral litigants access to confidential information without establishing relevancy.

Plaintiffs argue the requested language could aid with resolving duplicative discovery disputes in various venues.  While the Court aims to avoid duplicative costs and discovery, "the holding in Foltz applies to request of a collateral litigant and requires the collateral litigant to demonstrate the relevance of the protected discovery to the collateral proceedings." <u>Seife</u>, 2018

---

[3] Plaintiffs point out that in <u>Foltz</u> plaintiffs were attempting to share information with other attorneys.  Motion at 3 n.2.  Here, Plaintiffs indicate they only seek to share information in collateral matters against Defendant where Plaintiffs' counsel are the attorneys of record. <u>Id.</u>

WL 6340751 at *4.   Further, the court in <u>Foltz</u> clearly indicates that any "disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by collateral courts." <u>Foltz</u>, 331 F.3d at 1133.  Thus, regardless of the inclusion of the cross-use language, each separate court would have to resolve its own discovery disputes.  Moreover, as Defendants indicate, Plaintiffs will still be able to share discovery with collateral litigants.  <u>See</u> Motion at 18.   Collateral litigants simply have to seek such information pursuant to the procedures outlined in <u>Foltz</u>.

The Court, therefore, **DENIES** Plaintiffs' request to include the language.  Accordingly, for good cause, the parties' motion for a protective order is **GRANTED**, and the Court enters the Protective Order attached as Exhibit 1 to this Order.

**IT IS SO ORDERED**.

Dated:  1/17/2023

Hon. Barbara L. Major
United States Magistrate Judge

22cv522-H(BLM)

# EXHIBIT 1

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER BUENO, an individual, and RICHARD PARKER, an individual, | Case No. 3:22-cv-00522-H-BLM |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, Inclusive, | Action Filed:      March 3, 2022<br>Action Removed: April 15, 2022<br>Trial Date:        None Set |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

The parties in the above-captioned action, (the "Action"), by and through their respective counsel of record, have stipulated to the entry of the following protective order:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in the Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action may be warranted. Accordingly, the Parties hereby stipulate to, and request that the Court enter, the following Stipulated Protective Order (the "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law.

2. <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>:  Party that challenges the designation of information or items under this Order.

2.2    "<u>CONFIDENTIAL</u>" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that contain confidential and non-public development, financial or commercial information or non-public personal information or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.

2.3    <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>:  Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5    <u>Disclosure or Discovery Material</u>:  All items or information, regardless

7

of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

2.6     Expert:  A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Action.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Sensitive "CONFIDENTIAL Information or Items" (regardless of how it is generated, stored or maintained) or tangible things that contain or otherwise reference non-public trade secrets or other current or prospective confidential research, development, commercial, or financial information, or other highly sensitive data, the disclosure of which to another Party or Non-Party could cause a competitive disadvantage to a Producing Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means, including, for example, strategic planning information and pricing and cost data and analyses.

2.8     In-House Counsel:  Litigation attorneys who are employees of a Party to this action, including any attorney for Organon.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

2.10     Outside Counsel of Record:  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

2.11     Party:  Any party to this Action, including all of its officers, directors, and employees, and retained counsel of record.

2.12     Producing Party:  Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>:   Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:   Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   <u>Privacy Information</u>:   Any documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), a financial account number (other than only the last four digits thereof), "Personal Data," "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal or state laws, regardless of whether such information has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively "Privacy Information").

2.16   <u>Receiving Party</u>:   Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover Protected Material produced in discovery in the Action as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information obtained by the Receiving Party from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after Final Disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This Court shall retain jurisdiction for a period of one (1) year after the conclusion of this Action to enforce the terms of the Protective Order.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies for protection under this Order.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material or, in the case of native file production, in conformity with the Stipulation and Order Regarding Production of Documents and Information. A Party

or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or pages thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each document or page of a document that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial proceedings, that all deposition testimony or testimony during other pretrial proceedings shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript during which a Designating Party may identify the specific portions of testimony as to which protection is sought and specify the particular level of protection being asserted.  At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order.  Alternatively, during that 30-day period, a Designating Party may, if appropriate, designate the entire transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated during the 30-day period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing or other proceeding so

that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c)     for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If corrected within a reasonable period of time after production, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. A Receiving Party must challenge a designation of confidentiality within a reasonable period of time after such designation is made by the Designating Party.

6.2     Meet and Confer. In the event of a challenge to a designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the

Order.  The Parties shall attempt to resolve each challenge in good faith and on an informal basis in accordance with Civil Local Rule 26.1.  The Parties must begin the process by conferring directly (in person or by telephone) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3   <u>Judicial Intervention with Respect to Confidentiality Designations</u>.  If the challenge cannot be resolved through the meet and confer process, the Challenging Party disputing the designation may apply to the Court for a ruling that a document (or category of documents) designated as Protected Material by the Designating Party is not entitled to the specified level of protection.  The Challenging Party's motion must be filed within 21 days of the Designating Party's response described in paragraph 6.2 above, and the Parties must comply with Judge Major's Chambers Rules.[4]

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

While any challenge pursuant to this paragraph is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle the Action.  Such Protected Material

---

[4] See Honorable Barbara Lynn Major U.S. Magistrate Judge, Chambers Rules-Civil Cases § V(A)-(F).

may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 16 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The recipient of any Protected Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner that ensures access is limited to the persons authorized herein, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as the recipient would use with respect to its own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 15 below.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose the information for purposes of the Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall be maintained by the Receiving Party and disclosed to the Court only in the event of a notice of breach of this Order to maintain the confidentiality of undisclosed consultants;

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the Action who are or were employed by a Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    a plaintiff in the Action, to the extent the plaintiff elects to be present for any deposition, to the extent the protected document is used at the deposition, and who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(g)    the author or recipient of a document containing the information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b)    In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A, that has been designated to receive such information or item ("Designated In-House Counsel") and as to whom the Designating Party does not object to disclosure, in accordance with Section 7.4 below;

(c)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of the Action, and (2) who have signed the

15

"Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall be maintained by the Receiving Party and disclosed to the Court only in the event of a notice of breach of this Order to maintain the confidentiality of undisclosed consultants ;

(d)      the Court and its personnel;

(e)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)      the author or recipient of a document containing the information.

7.4      Procedures for Requesting Disclosure of Information or Items Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(a)      A Party that makes a request and provides the information specified in the preceding paragraphs may disclose the subject Protected Material to the identified Designated In- House Counsel or a Designated Plaintiff Representative after seven business days of making the request and providing the required information (collectively, the "Request Date") unless, within five business days of the Request Date, the Party receives a written objection from the Designating Party setting forth the grounds on which the objection is based.

(b)      A Party that receives a timely written objection must meet and confer with the Designating Party on an informal basis in accordance with Civil Local Rule 26.1 to try to resolve the matter by agreement within seven days of the written objection. If the dispute is not resolved during the meet and confer, the parties must comply with Judge Major's Chambers Rules, as noted above in paragraph 6.3, in seeking potential relief from the Court.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

      (a)    promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and must include a copy of this Order with the notification; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

      (d)    counsel shall take all other reasonable steps to ensure that persons receiving Protected Material do not use or disclose such information for any purpose other than for the purpose stated in the subpoena or court order in that specific litigation.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission, or is ordered to do so by any Court. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    APPLICABILITY OF THIS STIPULATED PROTECTIVE ORDER TO NON-PARTIES

9.1    Order Applicable to Non-Parties.    The terms of this Order are applicable to information produced by Non-Parties in the Action and designated as

"CONFIDENTIAL." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.

9.2    Service of Order with Non-Party Discovery Request.  The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall include with any such subpoena or discovery request a copy of this Order.

9.3    Request to a Party Seeking Non-Party Confidential Information.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information.  If the Non- Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    FILING OF PROTECTED MATERIAL

Before any materials produced in discovery, answers to interrogatories, responses to

requests for admissions, deposition transcripts, or other documents which are designated as Protected Material are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal,

the Parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, in accordance with Judge Major's preferences, a party must file a 'public' version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed Protected Material. The party should file the redacted document(s) simultaneously with a joint motion or an ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

The Parties agree to the following procedure before filing a motion to seal Protected Material:

> (a) A Party wishing to use any Protected Material designated by another Party as Confidential or Highly Confidential will provide a list of all such documents to the designating party seven (7) days prior to the filing due date and request that the Protected Material and any reference thereto not be filed under seal.

> (b) If a Party identifies one or more designated document that it intends to file less than seven days prior to the filing due date, the Party shall notify the Designating Party immediately upon that determination and request that the Protected Material and any reference thereto not be filed

19

under seal.  If the Party does not, at least forty-eight (48) hours prior to the filing due date, identify the designated document and request that the Protected Material and any reference thereto not be filed under seal, then the Party must file a motion to seal the designated document and any reference to the Protected Material pursuant to the Court's procedures.

(c)   If the Designating Party agrees in writing that the designated material need not be filed under seal, the Protected Material may be filed in the public docket.  If the Designating Party does not agree in writing that the Protected Material may be filed in the public docket, then the Party wishing to use such Protected Material must file a motion to seal the Protected Material, including any designated documents and any reference to the Protected Material, pursuant to the Court's procedures.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Additionally, if the Receiving Party discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to the produced Protected Material, the Receiving Party shall:

(a)   Promptly provide written notice to Producing Party of such breach within twenty-four (24) hours of the breach discovery

(b)   Investigate and make reasonable efforts to remediate the effects of the breach, and provide Producing Party with assurances that such breach shall not recur

(c)    Provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. The Requesting Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

(d)    The Requesting Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

12.   <u>NOTIFICATION IN THE EVENT OF A SECURITY BREACH OR UNAUTHORIZED ACCESS TO PRODUCED MATERIAL</u>

(a)    If the Receiving Party discovers any breach of security, including any actual or suspected unauthorized access, relating to materials produced, the Receiving Party shall:

(b)    Promptly provide written notice to Producing Party of such breach within twenty-four (24) hours of the breach discovery.

(c)    Investigate and make reasonable efforts to remediate the effects of the breach, and provide Producing Party with assurances that such breach shall not recur.

(d)    Provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

(e)    The Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

13.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Nothing in this Order shall be construed to prohibit a Producing Party from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged, or work-product information. Nothing in this Order shall diminish the legal rights of any person seeking such relief.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the

obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor the work product protection is waived by inadvertent production in this Action or any other action.   This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

14.   <u>MISCELLANEOUS</u>

14.1   <u>Right to Further Relief and Modification by the Court</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order for good cause, in the interest of justice, or on its own order at any time during these proceedings.

14.2   <u>Right to Assert Other Objections</u>.   No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3   <u>Right of a Party to Use Its Own Documents</u>.   Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way.

14.4   <u>Right of a Party to Use Independently Obtained Documents</u>.   Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material or information obtained by such Party independent of formal discovery proceedings in this Action.

14.5   <u>Right to Supplement or Request Deletion</u>.   If during the course of litigation, a data subject with privacy rights pursuant to the Data Protection Laws identified herein exercises his or her right to erasure of personal data contained within the previously produced Protected Material, the Producing Party shall furnish newly redacted versions of the Protected Material within a reasonable time.   The Requesting Party will promptly destroy the original version of the Protected Material and replace it with the redacted

22

version.  The Producing Party may also require the entire document destroyed and replaced with a slip-sheet indicating the Protected Material is subject to erasure pursuant to the applicable Data Protection Law.

14.6   Personally Identifiable Information.   Personally identifiable information that a party has designated as Protected Material as defined herein, based on its good faith belief that the information is subject to federal or state laws or other privacy obligations, or any of the information contained therein, shall be handled by Counsel for the Receiving Party with the highest care.

15.   FINAL DISPOSITION

Within 60 days after the Final Disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. However, the Receiving Party may maintain its notes and coding of the documents produced for use in another action averring the same allegations as this Action against the same defendants in another jurisdiction until such time as all actions pending in other jurisdictions reach final disposition.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

22cv522-H(BLM)

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on _____ in *Spencer Bueno, et al. v. Merck & Co., Inc., et al.*, Case No. 3:22-CV-00522-H-BLM. I agree to comply with and to be bound by all terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court in the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

22cv522-H(BLM)