UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER BUENO et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., et al.,<br><br>Defendants. | Case No.:  22-cv-522-H-BLM<br><br>**ORDER DENYING PLAINTIFFS'** *EX PARTE* **MOTION TO MODIFY SCHEDULING ORDER** |

Currently before the Court is Plaintiffs' March 1, 2024 *Ex Parte* Motion to Modify Scheduling Order ("Motion"). ECF No. 77. On March 3, 2024, Defendants filed an opposition to Plaintiffs' Motion ("Oppo."). ECF No. 78. For the reasons set forth below, Plaintiffs' Motion is **DENIED.**

## RELEVANT FACT & PROCEDURAL BACKGROUND

On November 16, 2022, the Court issued an order regulating discovery and other pretrial deadlines. ECF No. 25. On July 28, 2023, the Court granted the parties' Joint Motion to Amend Scheduling Order. ECF No. 65. Pertinent to the instant Motion, the new deadline for Plaintiffs to serve supplemental expert rebuttal designations and reports was March 1, 2024. Id. at *2; see also Motion at *2.

On January 5, 2024, Plaintiffs served reports from two experts, Dr. Dima Qato, whom Plaintiff identified as a general causation and warning expert, and Dr. David Healy, a psychiatrist whose opinions were expressly limited to specific causation. Oppo. at *3; Declaration of Stephen

1

E. Marshall in Support of Defendants' Opposition to Plaintiffs' Ex Parte Motion to Modify Scheduling Order ("Marshall Decl.") at ¶ 3. On January 19, 2024, Plaintiffs served a second general causation and warnings report from a third expert, Dr. Jack Fincham.[1] Id.; Marshall Decl. at ¶ 4.

Between January 8, 2024 and January 17, 2024, Defendants' counsel on three occasions requested that Plaintiffs identify when and where they were willing to produce Dr. Qato and Dr. Healy for depositions. Id. at *4; Marshall Decl. at ¶¶ 7-9, Ex. A. On January 18, 2024, Plaintiffs' counsel provided deposition dates and locations for Dr. Qato and Dr. Fincham, but not for Dr. Healy. Id.; Marshall Decl. at ¶ 10, Ex. B. Defendants' attorneys attempted to solidify a date for Dr. Healy's deposition on three more occasions, on January 22, 26, and 29, 2024 before Plaintiffs' counsel provided dates he was available on January 30, 2024. Id.; Marshall Decl. at ¶ 12, Ex. B.

On February 2, 2024, Defendants served Expert Designations naming four experts, Dr. Steven Epstein, who offered two reports for both Plaintiffs, responding to the opinions of Dr. Healy, and three general causation experts, Dr. Lydia Gilbert-McClain, Dr. Robert Platt, and Dr. Patrick Ronaldson, who addressed the opinions asserted by Plaintiffs' experts Dr. Qato and Dr. Fincham. Id. at *3-4; Marshall Decl. at ¶ 5. Dr. Ronaldson's report was 131 pages and included over 200 scholarly article references; Dr. Gilbert-McClain's report was 126 pages and included references to thousands of bates-stamped documents, over 60 documents that are not bates-stamped, and over 90 scholarly articles; Dr. Epstein's two reports totaled nearly 70 pages and included over 50 references to scholarly articles each; Dr. Platt's report was 56 pages and referenced over 80 scholarly articles. Motion at *3; Declaration of Kimberly L. Beck in Support of Plaintiffs' Ex Parte Motion to Modify Scheduling Order ("Beck Decl.") at ¶ 3(a)-(e). Plaintiffs' counsel "immediately" provided Defendants' experts reports to Plaintiffs' experts upon receipt. Id.; Beck Decl. at ¶ 7.

---

[1] Dr. Fincham was ill before and on the January 5, 2024 production deadline, so the parties mutually agreed that his report would be accepted on January 19, 2024. Oppo. at *2; Marshall Decl. at ¶ 4.

Dr. Healy's deposition occurred on February 20-22, 2024[2], Dr. Qato's deposition took place on February 26-27, 2024[3], and Dr. Fincham's deposition is noticed for March 13-14, 2024. Id.; Beck Decl. at ¶¶ 4-5; Oppo. at *3; Marshall Decl. at ¶¶ 13-14.

Plaintiffs request a 21-day extension of the deadline to serve their supplemental expert contradictory/rebuttal reports, explaining, "[d]ue to the extensive length and complexity of the Defendants' expert reports and the time spent preparing for, traveling to, and participating in depositions in this case, Plaintiffs experts have simply been unable to render their supplemental expert contradictory/rebuttal reports by the deadline originally contemplated in the scheduling order." Id. The Court notes that this is the second request to continue the deadlines in the scheduling order. See ECF No. 65.

## LEGAL STANDARD

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 16(b)(4). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Lien v. City of San Diego, 2022 WL 1143548, at *1 (S.D. Cal., March 9, 2022) (quoting Johnson, 975 F.2d at 609). If the moving party fails to demonstrate diligence, "the inquiry should end." Johnson, 975 F.2d at 609. To establish "good cause," parties seeking modification of a scheduling order must show that even with the exercise of "due diligence," they still cannot meet an order's timetable. Citizens Development Corporation, Inc. v. County of San Diego, 2019 WL 13166661, at *1 (S.D. Cal. June 7, 2019) (quoting

---

[2] Dr. Healy's deposition took place over three days as he provided testimony regarding three reports, two for the Plaintiffs in this case, and one for a Plaintiff in a related case pending in the District of Massachusetts. Oppo. at 4, n.3; Marshall Decl. at ¶¶ 13-14. Dr. Healy traveled from his home in the Republic of Ireland to New Jersey for his deposition. Motion at *3; Beck Decl. at ¶ 4.

[3] Dr. Qato traveled from Chicago to New Jersey for his deposition. Motion at *3; Beck Decl. at ¶ 5.

Johnson, 975 F.2d at 609). "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." Morales v. Health, 2016 WL 3443664, at *1 (S.D. Cal. June 23, 2016) (citing In re Western States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737-738 (9th Cir. 2013)).

### **PLAINTIFFS' POSITION**

Plaintiffs argue that "[g]ood cause exists here to enlarge the time period by 21 days" as "Plaintiffs have been diligent in attempting to determine whether supplemental expert contradictory/rebuttal reports are appropriate, and how to most efficiently and effectively articulate the information for each such report." Motion at *3. Plaintiffs further contend that "Defendants' five expert reports are extremely voluminous" such that "Plaintiffs' experts have simply been unable to render their supplemental expert contradictory/rebuttal report by the deadline originally contemplated in the scheduling order." Id. Plaintiffs assert that "Defendants have not claimed that the requested modification to the scheduling order will prejudice them. Nor do Plaintiffs see any potential prejudice." Beck Decl. at ¶ 11.

### **DEFENDANTS' POSITION**

First, Defendants argue that Plaintiffs' Motion is procedurally defective as Plaintiffs did not meet and confer with counsel for Defendants by telephone as required by Civil Local Rule 26.1(a), and failed to explain "any specific details as to what steps were taken to comply with the [scheduling order] deadline or to assess whether such reports are appropriate in this context." Oppo. at *5. Second, Defendants contend that Plaintiffs do not identify any permissible basis for seeking *ex parte* relief as Plaintiffs do not articulate how they will be irreparably harmed if this motion were heard according to regular noticed motion procedures, and that Plaintiffs created their own emergency because they did not request an extension from Defendants until two days prior to the deadline. Id. at 9; Marshall Decl. at ¶ 17. Finally, Defendants assert that no good cause exists to grant "Plaintiffs the 21-day extension as Plaintiffs' only justification for the requested modification, that Plaintiffs' experts have simply been unable to render their supplemental expert contradictory/rebuttal reports by the deadline" [Motion at *3] is a

conclusory excuse that is belied by the actual facts and is an insufficient reason to adequately demonstrate good cause to modify the scheduling order. Id. at 10.

## DISCUSSION

### A. Meet and Confer Requirements

Defendants argue that the Motion should be denied because Plaintiffs failed to telephonically meet and confer regarding the Motion and failed to include the prior amendment to the scheduling order. Oppo. at *5. Section III(B) of Judge Major's Chambers Rules states

> [b]efore requesting an extension of any date or deadline, the attorneys must "meet and confer" and the request should then be made by filing a joint motion. The joint motion must establish good cause for the request and shall include a declaration from counsel of record detailing the steps taken to comply with the date(s) or deadline(s), the specific reason why the identified deadline cannot be met, and whether any prior extensions or modifications to the Scheduling Order have been requested or approved. A party seeking a modification may move ex parte if the other parties will not join in a motion to amend the schedule. In an ex parte motion, the declaration must address the steps counsel took to meet and confer with opposing counsel to obtain authorization to file a joint motion, as well as the subjects required for the joint motion.[4]

Plaintiffs' counsel only discussed the requested extension with counsel for Defendants via email, and not by telephone or in person. Marshall Decl. at ¶ 15. Plaintiffs' counsel's declaration does indicate that meet and confer efforts occurred regarding the filing of the instant Motion, but fails to specifically identify the steps taken to meet and confer. Beck Decl. at ¶ 8. However, the Court declines to deny Plaintiffs' Motion based on Plaintiffs' failure to meet and confer via telephone as they did attempt to obtain Defendants' consent to file a joint motion prior to bringing the instant Motion.

### B. There is No Good Cause to Amend the Scheduling Order

The Court finds that Plaintiffs have not demonstrated good cause or reasonable diligence such that a modification of the scheduling order deadline is warranted for several reasons.

Plaintiffs' main argument is that they were unable to comply with the original deadline for supplemental expert contradictory/rebuttal reports because Defendants' expert reports totaled 381 pages. The mere fact that there were five expert reports and that the total number

---

[4] See https://www.casd.uscourts.gov/judges/major/docs/Chambers%20Rules%20Civil.pdf.

of pages in all of the reports was 381 does not establish an inability to comply with the court's deadline or good cause to extend the deadline. See Burton v. Fonseca, 2023 WL 2717326, *3 (D. Nev. Mar. 30, 2023) (declining to amend the operative scheduling order to extend deadline for defendant to provide supplemental expert contradictory/rebuttal reports despite defendant's expert's claim they could not "prepare the report in the given timeframe."). The scheduling order provided the standard 30-days for designation of supplemental expert contradictory/rebuttal reports pursuant to Fed. R. Civ. Proc. 26(2)(D)(ii). Plaintiffs state that they provided the Defendants' experts' reports to their experts "immediately upon receipt" [Beck Decl. at ¶ 7] and argue that the length and alleged complexity of the Defendants' experts' reports and the fact that Plaintiffs' experts had to attend depositions prevented their supplemental expert contradictory/rebuttal reports from being timely. However, Plaintiffs do not provide facts to support their argument. They do not explain what efforts their experts made to comply with the current deadline or provide any facts supporting the assertion that the reports were too lengthy and complex to address in the allotted time period or why the 2-3 days of deposition testimony made it impossible to respond in a timely manner. Moreover, as noted by Defendants, on February 26-27, 2024, a week before the deadline at issue in this dispute, Plaintiffs' expert, Dr. Qato, testified at her deposition that she had only "quickly scanned" Defendants' reports prior to her deposition but "didn't review them." Oppo. at *11; Marshall Decl. at ¶ 18. As such, Plaintiffs have not established that they were reasonably diligent in their efforts to comply with the Court's scheduling order and have not established good cause to continue the requested deadline. See Hernandez v. Winstar Properties, Inc., 2017 WL 3741258, at *2 (C.D. Cal. Aug. 30, 2017) (finding no good cause to modify the scheduling order where the defendant's expert claimed he had inadequate time to prepare a meaningful report, but plaintiffs provided their reports in a timely manner).

      Plaintiffs also do not provide an explanation for their delay in requesting an extension of the deadline for supplemental expert contradictory/rebuttal reports. The scheduling order in its current form has been in place for over eight months and Plaintiffs offer no explanation as to why it was not foreseeable that Defendants' experts would produce lengthy reports in a complex

case such as this. If Plaintiffs' experts began to review the reports immediately upon receipt, Plaintiffs would have had a month to request the extension now sought, and nearly three weeks to review Defendants' expert's reports prior to Plaintiffs' experts' depositions. Instead, Plaintiffs waited until the day of the deadline to request the extension without any explanation as to why they delayed for so long. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 493 (C.D. Cal. 1995) (denying *ex parte* motion as plaintiff delayed in requesting relief, therefore causing the crisis that necessitated the *ex parte* relief).   That is not reasonable diligence.

Finally, the Court also finds that granting the Plaintiffs' Motion may prejudice Defendants. See Johnson, 975 F.2d at 609 ("[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion."); Hendrix v. Novartis Pharmaceutical Corp., 2013 WL 12124091, at *2 (C.D. Cal. Aug. 17, 2013) ("Indeed, any party—and the Court—is prejudiced by a tardy expansion of the case."). Plaintiffs assert that "Defendants have not claimed that the requested modification to the scheduling order will prejudice them. Nor do Plaintiffs see any potential prejudice." Beck Decl. at ¶ 11. Defendants argue that they will be "severely prejudiced if Plaintiffs' relief if granted" as "Defendants would have to contend with and re-depose Plaintiffs' experts on completely new reports[.]" Oppo. at *8-9. The Court agrees with Defendants that the requested modification to the scheduling order may prejudice Defendants and likely would impact the remaining court deadlines.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion is **DENIED.** Plaintiffs have not established reasonable diligence or good cause for the requested continuance.  Plaintiffs must produce the reports no later than tomorrow, **March 12, 2024**. The deadline to complete expert discovery is continued to **May 8, 2024**. All other deadlines and requirements remain as previously set. See ECF No. 65 at *2.

**IT IS SO ORDERED.**

Dated:  3/11/2024

Hon. Barbara L. Major
United States Magistrate Judge