UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER BUENO, an individual, and RICHARD PARKER, an individual,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:22-cv-00522-H-BLM<br><br>**ORDER GRANTING JOINT MOTION TO SEVER CLAIMS OF PLAINTIFF RICHARD PARKER**<br><br>[Doc. No. 81.] |

On May 10, 2024, Plaintiffs Spencer Bueno ("Bueno") and Richard Parker ("Paker") (collectively, "Plaintiffs") and Defendants Merck & Co., Inc. ("Merck"), Merck Sharp & Dohme LLC[1] ("MSD"), Organon & Co., and Organon LLC (collectively, "Defendants") filed a joint motion to sever the claims brought by Parker from the claims brought by Bueno

---

[1]　Plaintiffs named Merck Sharp & Dohme Corp. as a defendant in this suit. Defendants have since informed the Court that Merck Sharp & Dohme Corp. is now known as Merck Sharp & Dohme LLC. (Doc. Nos. 14, 62-1.)

1

and to assign Parker a new case number. (Doc. No. 81.) For the reasons below, the Court grants the parties' joint motion.

## BACKGROUND

On March 3, 2022, Plaintiffs filed their complaint in the Superior Court of the State of California, County of San Diego. (Doc. No. 1-2.) The case was subsequently removed and then transferred to this Court. (Doc. Nos. 1, 7.) In their complaint, Plaintiffs claim that the warnings accompanying Defendants' brand-name drug Singulair, which contains the active ingredient montelukast, or the generic alternative manufactured and sold by Defendants' competitors were inadequate and should have been changed. (Doc. No. 1-2 ¶¶ 2, 54–56, 72, 74, 80–83.) Plaintiffs further claim that the brand-name Singulair or generic montelukast can and did cause them to experience neuropsychiatric injuries that would have been prevented if adequate warnings were in place. (Id. ¶ 1, 11, 86.) Discovery has since confirmed that both Plaintiffs only ingested generic montelukast. (Doc. No. 81 at 2 n.3.)

By the present motion, the parties move the Court to sever the claims brought by Parker from the claims brought by Bueno and to assign Parker a new case number. (Id. at 2.) Although Plaintiffs do not concede or adopt the arguments made by Defendants in support of the parties' joint motion, Plaintiffs and Defendants collectively agree that severance is appropriate here and that no substantial right will be prejudiced by the severance. (Doc. No. 81 at 3, 7.)

## DISCUSSION

Federal Rule of Civil Procedure 20 permits the joinder of plaintiffs in one action if: (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)–(B). "If joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997)

(citations omitted); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). In the Ninth Circuit, courts have "broad discretion" to sever improperly joined parties. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Coughlin, 130 F.3d at 1351.

Here, Defendants argue that extensive discovery in this case has revealed that the claims of Plaintiffs are improperly joined because they do not "aris[e] out of the same transaction [or] occurrence" as required by Federal Rule of Civil Procedure 20. (Doc. No. 81 at 4–6.) The Court agrees. As Defendants point out in the parties' joint motion, Plaintiffs' claims involve unique, case-specific issues, including, but not limited to, distinct medical histories, different underlying conditions, different prescribing physicians, different courses of treatment, different alleged periods of ingestion of generic montelukast, and different alleged injuries. (Id. at 4–5.) Moreover, the mere fact that Plaintiffs both allegedly took generic montelukast is insufficient to satisfy the "same transaction or occurrence requirement" under Federal Rule of Civil Procedure 20(a). See e.g., Boschert v. Pfizer, Inc., No. 4:08-cv-001714-CAS, 2009 WL 1383183, at *3 (E.D. Mo. May 14, 2009) ("[T]he mere fact the four plaintiffs took Chantix at some point in time and suffered some sort of mental or behavioral side-effect is not enough of a logical or factual connection to satisfy the same transaction or occurrence requirement."). Furthermore, no substantial right will be prejudiced by the severance. Rather, the severance of Parker's claims prevents unfair prejudice to Defendants, prevents potential jury confusion, and promotes judicial economy.

Accordingly, Plaintiffs' claims do not satisfy the joinder requirements under Federal Rule of Civil Procedure 20. Because no substantial right will be prejudiced, severance of Parker's claims is appropriate. See Coughlin, 130 F.3d at 1351; see also Haddad v. Merck & Co., No. 22-cv-02151-DMG-MAAx, 2023 WL 3526189, at *1 (C.D. Cal. Mar. 6, 2023) (holding that severance of the plaintiffs' claims was "the most efficient way to proceed" even though all of the plaintiffs "allege[d] injuries within the general category of neuropsychiatric injury" because each "present[ed] with their own unique medical histories

and conditions when prescribed Singulair, were prescribed the medicine at materially different times and claim[ed] distinct injuries").

## CONCLUSION

For the foregoing reasons, the Court grants the parties' joint motion and orders as follows:

1. The claims of Parker are severed from the claims of Bueno pursuant to Federal Rule of Civil Procedure Rule 21.
2. Parker's claims are dismissed without prejudice to refiling.
3. Parker's new complaint must neither contain new claims or allegations, nor claims or allegations previously dismissed by the Court.  In addition, Parker's new complaint must not include claims for breach of express warranty or breach of implied warranty.
4. Parker's new complaint, attached as Exhibit A to the parties' joint motion, (Doc. No. 81-1), must be filed in the United States District Court for the Southern District of California within **five (5) court days** from the date of this Order.
5. Provided that Parker's new complaint is the document attached as Exhibit A to the parties' joint motion, (Doc. No. 81-1), Defendants will not file a motion to dismiss but instead must file an answer to Parker's new complaint within **five (5) court days** of the new complaint being filed.  Should Parker fail to file the document attached as Exhibit A to the parties' joint motion, (Doc. No. 81-1), as his new complaint, Defendants will have the right to seek relief from the Court, including a motion to strike.
6. Should Parker file a new complaint, he must file a notice of related case and the Court will relate Parker's case to Spencer Bueno, et al v. Merck & Co., Inc. et al, United States District Court, Southern District of California, Case No. 3:22-cv-00522-H-BLM.
7. Should Parker file a new complaint, any depositions taken in Spencer Bueno,

et al. v. Merck & Co., Inc. et al., United States District Court, Southern District of California, Case No. 3:22-cv-00522-H-BLM may be used in Parker's severed case, without waiver of the parties' rights to object to their use in either case.

8. Should Parker file a new complaint, all documents filed with or by the Court in Spencer Bueno, et al. v. Merck & Co., Inc. et al., United States District Court, Southern District of California, Case No. 3:22-cv-00522-H-BLM, including any Court orders, may be used in Parker's severed case, without waiver of the parties' rights to object to their use in either case.

9. Should Parker file a new complaint, all documents obtained by either side or served by either side prior to the severance, including but not limited to Rule 26 initial disclosures, discovery responses, document productions, expert designations, and expert disclosures/reports, in Spencer Bueno, et al. v. Merck & Co., Inc. et al., United States District Court, Southern District of California, Case No. 3:22-cv-00522-H-BLM may be used in Parker's severed case, without waiver of the parties' rights to object to their use in either case.

10. All deadlines and requirements set forth in the Court's July 28, 2023, scheduling order, (Doc. No. 65 (as modified by Doc. No. 79)), remain in effect for Bueno's and Parker's respective cases.

**IT IS SO ORDERED.**

DATED: May 20, 2024

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT