ALEXANDER G. CALFO, SBN 152891
acalfo@kslaw.com
SUSAN V. VARGAS, SBN 177972
svargas@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendants
MERCK & CO., INC.; MERCK SHARP
& DOHME CORP.[1]; ORGANON &
CO.; and ORGANON LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER BUENO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 3:22-cv-00522-H-BLM<br><br>**OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF DR. PABLO ARANGO (PLAINTIFF'S EXHIBIT 29) RE MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing:** August 19, 2024<br>**Time:** 10:30 a.m.<br>**Courtroom:** 12A<br>**Judge:** Hon. Marilyn L. Huff<br><br>Action Filed: March 3, 2022<br>Action Removed: April 15, 2022<br>Trial Date: November 12, 2024 |

---

[1] Merck Sharp & Dohme Corp. is now known as Merck Sharp & Dohme LLC.

1                                                          3:22-cv-00522-H-BLM
OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF DR. PABLO ARANGO

Merck & Co., Inc., Merck Sharp & Dohme Corp. LLC, Organon & Co., and Organon LLC (collectively, Defendants) object to and move to strike the declaration of Dr. Pablo Arango, which Plaintiff Spencer Bueno has submitted as Exhibit 29 in opposition to Defendants' motion for summary judgment.

## I. Summary of objections and motion to strike

Dr. Pablo Arango's belated declaration impermissibly tries to inject new expert opinion regarding causation. Because the declaration violates Fed. R. Civ. P. 26(a)(2)(C), is based on improper opinion that is not in evidence, and impermissibly assumes facts not in evidence, the declaration should be stricken.

    a.    Dr. Arango's declaration includes impermissible expert testimony. Paragraphs 3, 4, and 5 address hypothetical situations, structured as "If …, then I would have/would likely not have …." Opp'n Ex. 29. The ability to answer hypothetical questions is "'[t]he essential difference' between expert and lay witnesses." *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (cited with approval in *United States v. Urena*, 659 F.3d 903, 906, 908–09 (9th Cir. 2011)). Dr. Arango was not designated as an expert witness and has not provided the requisite written disclosure. *See* Fed. R. Civ. P. 26(a)(2)(C). Because the expert witness deadline has passed, Dr. Arango is precluded from testifying as one.

    b.    Paragraphs 4 and 5 assume alternative warnings unsupported by Plaintiff's designated expert witness. Even if he could testify as an expert, Dr. Arango offers no basis for assuming these alternative warnings.

    c.    Paragraph 4 of Dr. Arango's declaration is barred by the sham-affidavit rule. Paragraph 4 contradicts his deposition testimony and should be stricken.

    d.    Paragraph 5 of Dr. Arango's declaration assumes facts not in evidence. Specifically, it assumes knowledge of Plaintiff's suicidality. However, the undisputed evidence shows this was never disclosed to Dr. Arango. For this reason too, this opinion should be stricken.

## II. Argument

### A. Dr. Arango's declaration is impermissible expertopinion, as he was never designated as an expert witness

Dr. Arango's declaration consists of expert testimony. The ability to answer hypothetical questions is "'[t]he essential difference' between expert and lay witnesses." *United States v. Henderson*, 409 F.3d at 1300. Paragraphs 3, 4, and 5 of Dr. Arango's declaration all comprise testimony about hypothetical situations:

> 3. *If the warnings regarding neuropsychiatric side effects were stronger* at the time I prescribed Singulair to Spencer Bueno, **I would have** *shared* the stronger warning with Spencer Bueno.
>
> 4. *If the warning had said* that some of the adverse event reports *are* consistent (as opposed to "*appear* consistent") with a drug-induced effect, **I would likely not have** *prescribed* Singulair to Spencer Bueno.
>
> 5. *If the Singulair prescribing information contained* a contraindication for allergic rhinitis for people who felt suicidal while using Singular, **I would likely not have** *prescribed* Singulair to Spencer Bueno.

Opp'n Ex. 29 (emphasis added).

This type of speculation from a treating physician not designated as an expert has been barred by the Ninth Circuit. In *United States v. Urena*, the Court, agreeing with cases like *Henderson*, held that a treating physician could not testify as to causation because the treating physician was not an expert. 659 F.3d at 906, 908–09.

> [A]n individual testifying as a lay witness generally cannot answer hypothetical questions because speculative testimony about what "might have happened" or *what a witness "would have done under different circumstances cannot possibly be based on the witness's perception."* [Citations.] Rather, the ability to answer hypothetical

questions is the essential difference between expert and lay testimony. [Citing *Henderson*, 409 F.3d at 1300.]

*Sempra Energy v. Marsh USA, Inc.*, No. CV 07-05431 SJO (JCx), 2008 WL 11335050, *13 (C.D. Cal. Oct. 15, 2008).

In a similar case alleging failure-to-warn claims regarding an implanted medical device, *Pringle v. Johnson & Johnson*, 2019 WL 6723822 (S.D. Fla. Dec. 11, 2019), a federal court granted the defendants' motion to strike an affidavit by the plaintiff's treating physician, offered by the plaintiff in opposition to summary judgment. *Id.* at *1, 3, 5. The plaintiff had listed the physician as a non-retained expert witness, to present "lay" testimony as it related to his treatment of the plaintiff. *Id.* at *3. But later, after the defendants moved for summary judgment, the plaintiff sought a new opinion from the physician on the issue of causation. *Id.* In the new affidavit, the physician—like Dr. Arango here—was "asked to hypothesize *whether he would have* implanted the [medical device] *if he had been given the various warnings* Plaintiff's attorneys maintain should have been provided." *Id.* (emphasis added). Citing *Henderson*, the court concluded the new opinion was "purely in the nature of expert testimony." *Id.* *4.

Like the physician affidavit in *Pringle*, Dr. Arango's declaration in opposition to summary judgment is expert testimony.

Dr. Arango has not been designated as an expert. Even as a non-retained expert, to offer expert testimony, Dr. Arango was required to file a written disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C). He did not, and the deadline has long passed. Both fact discovery and expert discovery have closed, and Defendants have filed their *Daubert* and summary-judgment motions. Defendants would be prejudiced if Dr. Arango could offer this new expert testimony. His declaration should be stricken.

### B. Dr. Arango improperly assumes alternative warnings unsupported by designated expert witnesses

Paragraphs 4 and 5 assume alternative warnings unsupported by Plaintiff's designated expert witnesses. Neither the reports, nor the untimely declarations, of

Plaintiff's experts (Dr. Healy and Dr. Qato) propose the alternative warnings mentioned in Dr. Arango's declaration—the purported "are"/"appear" distinction and the proposed contraindication for rhinitis patients experiencing suicidality. The subject of FDA-regulated warnings to prescribing physicians requires expert testimony, which is lacking here. *See* cases discussed in Defendants' reply memorandum at 3 & n.4, *e.g.*, *Rodman v. Otsuka Am. Pharm., Inc.*, 564 F. Supp. 3d. 879, 891 (N.D. Cal. 2020) (granting summary judgment on failure-to-warn claim after excluding plaintiff's expert's labeling opinions because "[w]hether a warning is adequate depends on how a prescribing doctor would understand the label") (internal quotation marks and citations omitted). Even if Dr. Arango could testify as an expert, he offers no basis for assuming these alternative warnings.

As for "stronger" warnings (paragraph 3), Dr. Arango does not opine what those would be.

Without admissible expert testimony supporting the proposed alternative warnings, Dr. Arango has no basis to opine on whether he would have made a different prescribing decision had they been given. *See* Fed. R. Evid. 702(b) (before admitting expert testimony, court must find, among other things, that it "is based on sufficient facts or data").

### C. Dr. Arango's opinion at paragraph 4 about the purported "are"/"appear" distinction contradicts his deposition testimony

Under the sham-affidavit rule, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (citations and internal quotation marks omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). The rule is "applied with caution" but properly invoked where (1) "the contradiction was actually a 'sham'" and (2) "the inconsistency between a party's deposition testimony and subsequent affidavit" is "clear and unambiguous." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998-99 (9th Cir. 2009) (citations and some internal quotation marks omitted).

Here, both elements are met. Preliminarily, the declaration was only provided to oppose Defendants' motion for summary judgment. Plaintiff obtained this declaration to cover his lack of evidence creating a triable issue of material fact. While cases have referred to prior deposition testimony of "a party," there is no reason not to apply the same reasoning to the procured declaration of Dr. Arango.

Dr. Arango's declaration is overtly inconsistent with his prior deposition testimony. He previously testified to being generally aware of certain FDA statements and acknowledged they were publicly available. *See* Vargas Reply Decl. ¶ 102 (Arango Dep. at 104:15–25). Dr. Arango was specifically shown one of these communications that included the "are consistent" language Plaintiff now claims should have been included in the labeling. The language was read to him, and he acknowledged it. When asked whether this language changed the way he prescribed Singulair, he said "No, not really." *Id.* at 106:4–107:19. This contradicts paragraph 4 of his declaration, where he now says: "If the warning had said that some of the adverse event reports are consistent (as opposed to 'appear consistent') with a drug-induced effect, I would likely not have prescribed Singulair to Spencer Bueno." Opp'n Ex. 29. Paragraph 4 of Dr. Arango's declaration should be stricken.

**D. Dr. Arango's opinion at paragraph 5 assumes facts not in evidence**

Paragraph 5 of Dr. Arango's declaration improperly relies on facts not in evidence. Specifically, Dr. Arango opines that if the prescribing information for Singulair "contained a contraindication for allergic rhinitis for people who felt suicidal while using Singulair," he likely would not have prescribed Plaintiff montelukast.

For this opinion to be valid, Dr. Arango would have needed to know that Plaintiff felt suicidal while using montelukast. But there is no evidence supporting this. In fact, Plaintiff never reported suicidality to Dr. Arango. *See* Vargas Reply Decl. ¶ 4, Ex. 102 (Arango Dep. at 112:25–113:24, 119:6–120:4, 123:17–124:22, 128:18–129:11, 133:2–134:13, 161:5–162:4). Nor did Plaintiff report suicidality to his subsequent prescribing physician, Dr. Schwartz. Defs. SOF ¶¶ 176–177, 189–190.

1  Plaintiff's sole incident potentially involving a suicide attempt was in December
2  2022—three years after he last contacted Dr. Arango (November 2019). *See* Defs. SOF
3  ¶ 168; Vargas Reply Decl. ¶ 4, Ex. 101 (S. Bueno Dep. at 273:3–7); *see also* Defs.
4  SOF ¶ 188 (roughly 21 months after he last filled a prescription). No evidence supports
5  Dr. Arango's opinion. Paragraph 5 of Dr. Arango's declaration should be stricken. *See*
6  Fed. R. Evid. 702(b) (before admitting expert testimony, court must find, among other
7  things, that it "is based on sufficient facts or data").

**III.  Conclusion**

For all these reasons, Defendants respectfully request that the Court sustain their objections and strike the declaration of Dr. Arango (Opp'n Ex. 29).

Dated: July 23, 2024                    KING & SPALDING LLP

*/s/ Susan V. Vargas*
Alexander G. Calfo
Susan V. Vargas
Attorneys for Defendants
MERCK & CO. INC.,
MERCK SHARP & DOHME;
ORGANON & CO., and ORGANON LLC